IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anna Kemp, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-313-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff Anna Kemp's ("Kemp") motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (2006). Kemp seeks attorney fees for services rendered in the above-captioned social security action in the amount of Four Thousand Eight Hundred Four Dollars and Fifty-Five Cents ($4,804.55) (calculated at $163.42 per hour for 29.40 hours). The Commissioner of Social Security ("Commissioner") objects to the request for attorney fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id. (internal quotation marks omitted). "Substantially justified" means "justified in

1

substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Hence, the "substantially justified" standard is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Id. (internal quotation marks and citations omitted).

Upon thoroughly reviewing the record, the court was unable to determine whether the Commissioner's decision was supported by substantial evidence. As such, the case was remanded back to the ALJ for further explanation on three particular issues. (March 5, 2009 Order). However, after review of the record, the court finds that the Commissioner's decision was substantially justified. The ALJ was required to determine whether Kemp was disabled between April 24, 2002 and December 31, 2003 ("the relevant time period."). As such, the ALJ was only required to consider evidence surrounding this limited time frame in order to make a determination.

Kemp alleged disability due to migraine headaches, inability to concentrate, memory loss, thyroid problems, hypoglycemia, and allergic reactions to medications. The medical evidence during the relevant time period showed that Kemp's migraine headaches had improved. United States Magistrate Judge William M. Catoe found that the ALJ relied upon isolated references in the record which were taken out of context to discredit Kemp's subjective complaints regarding her headaches. According to the magistrate judge,

> [t]he ALJ found that treatment notes indicating temporary improvement
> in the plaintiff's headaches were contrary to her testimony . . . ; however, both
> [Kemp] and her husband testified that she had experienced intermittent,
> temporary short-term relief of her migraines with different treatment regimens,
> but that the migraines always returned to their previous excruciating status.

(Id.) (citations omitted).  This court, however, did not require the ALJ to reevaluate on remand Kemp's subjective complaints regarding her migraine headaches.  The evidence revealed that Kemp's migraine headaches improved with only limited medical treatment.  As such, the ALJ concluded that Kemp's subjective complaints regarding her migraine headaches were not entirely credible.  Furthermore, on June 26, 2002, Kemp reported that the Topamax prescribed for her migraine headaches had dramatically decreased her migraines.  (R. at 223.)  On December 2, 2002, Dr. Marshall White ("Dr. White"), a neurologist, noted that Kemp made remarkable improvement in terms of her headaches by taking her proper medications.  (Id. at 340.)  Moreover, Kemp informed Dr. White that she had considered returning to work and Dr. White encouraged her to do so.  (Id. at 339.)

While the ALJ did not properly explain why he discredited Kemp's allegations regarding her memory, concentration, and vision problems, the court finds that the Commissioner's position was substantially justified on this issue.  The ALJ found that Kemp's activities of daily living conflicted with her allegations of memory and concentration problems.  For example, the record revealed that Kemp did laundry, washed the dishes, cleaned her house, prepared meals, did yoga, visited friends, ran errands, exercised, and shopped on occasion.  See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) ("The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.").  Additionally, during the relevant time period, Kemp sought only limited treatment for her alleged disabling conditions.  See id. at 930 ("[A]n unexplained inconsistency between the claimant's characterization of the severity of

her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility.").

Therefore, while the court remanded the case for further consideration by the ALJ, the Government's position was substantially justified. As such, the court denies Kemp's motion for attorney fees pursuant to the EAJA.

It is therefore

**ORDERED** that Kemp's motion for attorney fees under the EAJA, docket number 28, is denied.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
June 4, 2009